IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV333-03-MU

| | |
|---|---|
| WILLIE D. WORLEY JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MICHAEL EASLEY; ROY COOPER ) | |
| THEODIS BECK; CHRISTIAN HOELL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint filed August 13, 2007 (Document No. 1.)

Plaintiff alleges a variety of unrelated conclusory allegations in his Complaint against various state officials. He complains that the Defendants' policies are creating "slave states." (Complaint at 5.) Specifically, Defendant contends that the defendants have been:

> 1) engaging in systematic corruption throughout different state departments in the name of taxpayers money.
> 2) abusing 13th Amendment in the name of allowing Jim Crow laws to be applied to prison administration policies and court convictions of uneducated individuals
> 3) deception of taxpayers dollars in the name of false solutions for public safety
> 4) creating and promotion a dangerous prison and society environment by the usage of mental deterioration techniques in the name of correction
> 5) causing illness and promoting a homosexual environment
> 6) destroying and misplacing court documents. Lying to judges to get convictions
> 7) Inticement, (sic) inducement and other delusional processes to gain political leverage and convictions
> 8) causing levels of poverty inside and outside prisons with aberrational conduct
> 9) allowing evidence to be altered, mispresented (sic) and tailored to fit District Attorney's irrational arguments.

1

Complaint at 4-5.)

Plaintiff's Complaint contains only conclusory allegations. To survive a review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) citing White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); accord Adams v. rice, 40 F.3d 72, 74 (4th Cir. 1994) (plaintiff "must present more than naked allegations" to survive dismissal.) Furthermore, a complaint may be dismissed as legally frivolous if based on "an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Here, Plaintiff advances no legal theory. Moreover, a complaint may be dismissed where the plaintiff's factual allegations are "clearly baseless" or otherwise fail to state a federal claim. Neitzke, 490 U.S. at 324-27 ("[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.") accord Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ( in determining whether complaint is factually frivolous, a district court is not required to "accept without questions the truth of plaintiff's allegations," but rather is permitted to apply common sense, reject the fantastic, and take into account judicially noticeable facts); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (noting that Congress' intent under predecessor statute was to authorize dismissal of "insubstantial" claims).

Plaintiff's Complaint is unintelligible and as written and contains conclusory allegations. As such, Plaintiff's Complaint fails to state a cause of action against any of the named Defendants.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: August 20, 2007

Graham C. Mullen
United States District Judge